36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
William J. DiBIASIO, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration; Joseph Delbalzo, Acting
Administrator, Federal Aviation
Administrator, Respondents.
 No. 93-1416.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 29, 1994.
 
 Before: BUCKLEY, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on the record from the National Transportation Safety Board and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review from the National Transportation Safety Board's order filed April 28, 1993, be denied for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The Board's decision to suspend DiBiasio's license for 60 days is supported by substantial evidence. See Throckmorton v. NTSB, 963 F.2d 441, 444 (D.C.Cir.1992). Both the ALJ and the Board relied on the testimony of several witnesses with direct knowledge of the incident, including a witness who identified DiBiasio's aircraft in the air. In addition, the documentary evidence confirms the oral testimony concerning DiBiasio's flight path through both the Providence Air Traffic Area ("ATA") and Airport Radar Service Area ("ARSA"). Because he did not raise it before the Board, we will not consider DiBiasio's argument that it was arbitrary and capricious for the Board to conclude that he had operated his aircraft in both the Providence ATA and the ARSA. See 49 U.S.C. Sec. 1486(e) (arguments not "urged" before the Board may not be raised on appeal).
 
 
 5
 We also affirm the Board's conclusion that DiBiasio operated his airplane "carelessly or recklessly" within the meaning of FAA regulations. The record shows that DiBiasio's unauthorized flight was a potential endangerment to other aircraft operating in the area.
 
 
 6
 Finally, we reject DiBiasio's argument that a 60-day suspension for these violations is too severe. While DiBiasio is correct in noting that the Board should try to impose uniform sanctions for the same violations, there is nothing to indicate that a 60-day suspension is beyond the normal range of sanctions for the type of violations DiBiasio committed. Likewise, DiBiasio's reliance on this court's recent case Smith v. NTSB, 981 F.2d 1326 (D.C.Cir.1993), is misplaced. In that case the court reversed the order suspending Smith's license, holding that the FAA and the Board had improperly relied on FAA sanctions guidelines that had not been provided to the public. Here, in contrast, there is no evidence that the FAA or the Board improperly relied on sanctions guidelines in imposing the 60-day suspension. Moreover, even assuming the FAA and the Board relied on such a guideline, DiBiasio does not argue that it was unavailable to the public at the time of the incident. See 981 F.2d at 1328-29.